**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

**BRADLEY WASHAM**                                                   **PLAINTIFF**

**v.**                     **Case No. 3:19-cv-00231 KGB**

**BNSF RAILWAY COMPANY**                                     **DEFENDANT**

**ORDER**

Before the Court is defendant BNSF Railway Company's ("BNSF") motion to compel vocational examination pursuant to Federal Rule of Civil Procedure 35 (Dkt. No. 52). Plaintiff Bradley Washam responded in opposition to the motion (Dkt Nos. 65, 93). BNSF replied (Dkt. No. 98). For the following reasons, the Court denies BNSF's motion to compel vocational examination (Dkt. No. 52).

BNSF requests that Mr. Washam submit himself for a vocational examination to be performed by Patsy M. Bramlett, C.R.C., L.P.C., a certified rehabilitation counselor and licensed professional counselor, including interview and testing of Mr. Washam (Dkt. No. 52, at 1). BNSF argues that a vocational examination under Rule 35 is appropriate because there is a controversy as to the connection between Mr. Washam's alleged physical injuries and his ability to work in the future (Dkt. No. 53, at 3). Mr. Washam responds that BNSF's motion should be denied because Rule 35 does not authorize vocational examinations and BNSF has not demonstrated good cause to justify an examination (Dkt. No. 65, at 1). Mr. Washam further argues that a vocational examination is unnecessary because Ms. Bramlett completed a detailed vocational report without subjecting Mr. Washam to a vocational examination (Dkt. No. 93, at 1). BNSF replies that Ms. Bramlett reserved the right to supplement her findings, that there is no other way to obtain the vocational information BNSF seeks, and that a vocational examination is proper under Rule 35

because it evaluates cognition and mental fitness for everyday activities performed in a work environment (Dkt. No. 98, at 1–3).  BNSF requests, in the alternative, that the Court prevent Mr. Washam from referencing the lack of examination at trial if the Court does not grant BNSF's request for a vocational examination (*Id.*, at 5).

For the following reasons, the Court denies BNSF's motion to compel vocational examination pursuant to Rule 35 (Dkt. No. 52).  The Court takes no action at this time on BNSF's request in the alternative to prevent Mr. Washam from referencing the lack of vocational examination at trial.  BNSF may seek to limit Mr. Washam's trial testimony by appropriate motion *in limine*.

## I.    Whether Rule 35 Permits Vocational Examinations

By its terms, Rule 35 permits a Court to order a physical or mental examination when a party's physical or mental condition is in controversy.  It provides that a court "may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner."  Fed R. Civ. P. 35(a)(1).  The order "may be made only on motion for good cause and on notice to all parties and the person to be examined."  Fed R. Civ. P. 35(a)(2).  The Rule "requires discriminating application by the trial judge, who must decide, as an initial matter in every case, whether the party requesting a mental or physical examination or examinations has adequately demonstrated the existence of the Rule's requirements of 'in controversy' and 'good cause.'"  *Schlagenhauf v. Holder*, 379 U.S. 104, 118–19 (1964).  These examinations must be limited to the extent that a party's physical or mental condition is actually in controversy.  *See id.* at 120–21 (holding that allegation that party was mentally or physically incapable of driving a bus did not justify "wide-ranging psychiatric or neurological examinations" or "broad internal medicine examination").  For instance, most courts determine that a party may not seek a mental examination when only the injured party's physical

condition is in controversy. *See Waite v. Sears, Roebuck & Co.*, Civil No. 04-4368 (JMR/SRN), 2005 WL 8164762, at *2 (D. Minn. Aug. 9, 2005) (denying motion to order Rule 35 vocational examination including "mathematical, dexterity and intelligence testing" because plaintiff alleged only physical injuries).

Mr. Washam argues in this case that Rule 35 allows only physical or mental examinations and that nothing in Rule 35 authorizes a court to compel vocational examinations, which he maintains are different than physical or mental examinations. A vocational examination may incorporate physical or mental components. A vocational examination such as the one BNSF requests would also evaluate a party's aptitude, education, experience, and qualifications for any number of jobs (Dkt. No. 52, at 3). Mr. Washam maintains that such an examination goes well beyond Rule 35's authorization of a physical or mental examination to evaluate a party's physical or mental condition.

BNSF represents that the requested scope and subject matter of the examination it seeks would include:

> an interview of Plaintiff and review of his personal background, education, work experience, medical records, history of work-related or other injuries and response to medical treatment, aptitude testing, and a vocational analysis including of the availability of jobs to Plaintiff in the state and national market both in his preferred class of jobs, and in various classes of jobs.

(Dkt. No. 52, at 3). BNSF further clarifies that the scope and components would include:

> a diagnostic interview which involves taking a detailed history from Plaintiff regarding the following: Personal data, i. e. name, address, date of birth, age etc.; Family background, military service, hobbies, education, employment history, physical/mental status; Previous medical history, current problems, present physical and mental treatment to include doctors and treating sources, present medication/dosages, special problems with the environment, physical limitations; and Emotional status, motivation, etc. The diagnostic interview will be followed by intelligence testing, i. e., Slosson Intelligence Test; and Academic achievement testing, i.e., Wide Range Achievement Test. Ms. Bramlett may also, *inter alia*,

3

>  analyze the availability of jobs to Plaintiff in the state and national market both in his preferred class of jobs, and in various classes of jobs.

(Dkt. No. 53, at 2).  BNSF maintains that Rule 35 permits such an examination.

In response to Mr. Washam's argument regarding the scope of Rule 35, BNSF cites two cases the Court does not find persuasive.  Importantly, in neither of these cases did the party subject to the Rule 35 examination object to the propriety of compelling a vocational examination under Rule 35.  *See Stacy v. PPC Transp. Co.*, Case No. 4:11-cv-4018, 2012 WL 12919230, at *1 (W.D. Ark. Oct. 15, 2012) (noting that plaintiff did not respond to defendant's motion to compel medical examination and vocational consultation); *Stewart v. Burlington N. R.R. Co.*, 173 F.R.D. 254, 256 n.2 (D. Minn. 1995) (noting that "Plaintiff does not question the propriety of compelling a vocational examination when the Plaintiff places that aspect of his future employability in contest").  The Court is presented with a different situation compared to *Stacy* and *Stewart* because, here, Mr. Washam objects to a vocational examination under Rule 35 on the basis that Rule 35's plain language does not authorize vocational examinations and that a vocational examination would be unnecessary, unduly burdensome, and harassing (Dkt. No. 65, at 1).

At least one court within this Circuit has specifically found that Rule 35 does not allow vocational examinations.  *See Stanislawski v. Upper River Servs., Inc.*, 134 F.R.D. 260, 261 (D. Minn. 1991) (concluding that Rule 35 provides only for physical or mental examinations and that "vocational rehabilitation examinations are neither contemplated nor authorized by Rule 35(a)"). The court in *Stanislawski* reasoned that Rule 35 is limited to physical and mental examinations by its plain language and based on a concern for the protection of personal privacy.  *Id.* at 262.  Other courts within this Circuit have declined to authorize vocational examinations under a standard Rule 35 analysis.  *See Davis v. Bamford, Inc.*, No. 8:11CV69,  2012 WL 37526, at *3 (D. Neb. Jan. 9, 2012) (declining to order vocational examination under Rule 35 because good cause did not exist);

*York v. Union Pac. R.R. Co.*, No. 8:08CV507, 2009 WL 3633827, at *3 (D. Neb. Oct. 30, 2009) (declining to order vocational examination under Rule 35 because good cause did not exist, making it unnecessary to determine whether Rule 35 authorizes vocational examinations); *Waite*, 2005 WL 8164762, at *2 (finding that good cause did not exist to order vocational examination under Rule 35 because other means of discovery were available). Here, the Court declines to resolve whether Rule 35 permits a vocational examination by its terms. Instead, the Court determines that, even if Rule 35 permits a vocational examination, BNSF has not met the standard necessary for this Court to compel it under the circumstances of this case.

## II.  BNSF Fails To Meet The Standard Necessary For Its Request

Even if Rule 35 permits vocational examinations, BNSF has not demonstrated that the Rule's "in controversy" and "good cause" requirements are met either for Mr. Washam's mental or physical condition such that the Court should compel the examination requested by BNSF. The Court recognizes that "the discovery rules are to be accorded a broad and liberal treatment." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). However, Rule 35 is unique among the discovery rules for its "in controversy" and "good cause" requirements, which "indicate that there must be a greater showing of need" compared to the other discovery rules. *Schlagenhauf*, 379 U.S. at 118. Rule 35 therefore requires "an affirmative showing that [a party's] mental or physical condition [is] in controversy and that there [is] good cause for the examinations requested." *Id.* at 119–20.

With respect to the mental components of a vocational examination, BNSF fails to convince the Court that Mr. Washam's mental condition is in controversy. BNSF does not specifically argue that Mr. Washam's mental condition is in controversy in its motion to compel vocational examination pursuant to Rule 35 (Dkt. Nos. 52). In his response, Mr. Washam states that his mental condition is not in controversy (Dkt. No. 65, at 3 n.3). BNSF asserts for the first time in its reply to Mr. Washam's supplemental response that Mr. Washam "put his mental

5

...

condition in controversy with his claim for lost wages which evaluates his vocational capacity at zero" (Dkt. No. 98, at 4).  BNSF contends that "[s]eeking lost wages and future lost wages totaling his entire salary and projected future earnings through his retirement is a clear statement of mental limitation, given there are numerous jobs that would require solely physical labor or only mental/cognitive abilities without a physical component" (*Id.*, at 4–5).

However, the Court rejects the argument BNSF seems to make that Mr. Washam's claim for future lost wages on its own puts his mental condition in controversy.  Instead, based on the allegations in his complaint, Mr. Washam's claim for lost future wages is based on his allegation that he suffered radiculopathy and injuries to his back, spine, left elbow, and hips (Dkt. No. 1, at 2–3).  On review of the record, the Court does not find any evidence that Mr. Washam claims future lost wages due to his mental condition.  BNSF does not present any compelling argument as to why a claim for lost wages resulting from physical injuries necessarily puts Mr. Washam's mental condition in controversy.  Nevertheless, BNSF requests that Mr. Washam submit to aptitude testing, intelligence testing measuring general cognitive ability, achievement testing measuring academic skills such as word reading, sentence comprehension, spelling, and math computation, and a diagnostic interview including, among other things, Mr. Washam's hobbies, skills, educational level, previous and current mental health problems, environmental factors, emotional state, and personality in a general and vocational context (Dkt. No. 52, at 3; Dkt. No. 98, at 3).  BNSF has not made the showing necessary, beyond conclusory assertions, sufficient to demonstrate that Mr. Washam's mental state is in controversy.

With respect to the physical components of a vocational examination, BNSF has failed to demonstrate good cause that a vocational examination is necessary given the volume of discovery conducted by the parties.  It is undisputed that Mr. Washam's physical condition is in controversy

6

because Mr. Washam asserts extensive physical injuries (Dkt. No. 1, at 2–3). However, good cause does not exist for a Rule 35 examination when the information sought by such an examination can be discovered through other means. *Schlagenhauf*, 379 U.S. at 118 ("The ability of the movant to obtain the desired information by other means is also relevant."); *Waite*, 2005 WL 8164762, at *2 (concluding that defendant failed to demonstrate good cause for Rule 35 vocational examination when other discovery means were sufficient to defend against plaintiff's action).

Here, virtually all of the information which BNSF seeks through a vocational examination may be discovered—or has already been discovered—through other, less burdensome means. BNSF seeks, among other things, information on Mr. Washam's personal background, education, work experience, medical records, and history of work-related or other injuries and response to medical treatment (Dkt. No. 52, at 3). BNSF represents that the vocational examination would involve taking Mr. Washam's detailed personal and medical history (Dkt. No 53, at 2). However, Mr. Washam contends that he disclosed hundreds of pages of medical records, provided information regarding his educational history, and sat for a deposition which covered his medical condition, his ability to return to work, his educational and employment history, and other background information (Dkt. No. 65, at 5). Further, BNSF employed Mr. Washam for over 20 years at the time of the events giving rise to this litigation, maintaining medical and personnel files for Mr. Washam (*Id.*, at 2 n.1). BNSF does not refute the scope of discovery to date or these facts.

Instead, BNSF states that a vocational examination is necessary because no deposition or piece of evidence has solely been focused on Mr. Washam's lack of vocational capacity and because Mr. Washam has not provided medical records regarding his pain management treatment (Dkt. No. 98, at 2). However, BNSF does not explain why a vocational examination is necessary

7

to discover this information.  BNSF deposed Mr. Washam and had the opportunity to question him about his vocational capacity.  BNSF further represents that it has requested medical records from Dr. Ryan Krafft, who saw Mr. Washam for pain management (*Id.*).  The record demonstrates that, in lieu of a Rule 35 examination, there are ample alternative means by which BNSF may obtain or has already obtained the information which it seeks.  The Court therefore concludes that BNSF has not made an affirmative showing that good cause exists to order a Rule 35 examination of the scope requested by BNSF under the circumstances of this case.

For the foregoing reasons, the Court denies BNSF's motion to compel vocational examination pursuant to Rule 35 (Dkt. No. 52).

It is so ordered this 1st day of September, 2020.

_____
Kristine G. Baker
United States District Judge