IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**BRADLEY WASHAM**                                                                           **PLAINTIFF**

v.                                        Case No. 3:19-cv-00231 KGB

**BNSF RAILWAY COMPANY**                                         **DEFENDANT**

## PROTECTIVE ORDER

Before the Court are a Joint Motion for Entry of Agreed Protective Order and a Joint Motion for Protective Order in the above-captioned matter (the "Litigation") (Dkt. Nos. 176, 179). Upon consideration, the Court finds that the second filed Joint Motion for Protective Order should be and hereby is granted (Dkt. No. 179), and the Court denies as moot the first filed Joint Motion for Entry of Agreed Protective Order (Dkt. No. 176). The Court enters the following Protective Order as proposed by Bradley Washam ("Plaintiff") and Defendant BNSF Railway Company ("Defendant") (each individually a "Party" and collectively the "Parties"):

Plaintiff and/or Defendant have issued or may issue subpoenas to third party Wells Fargo Rail Corporation ("WFRC") for certain documents concerning railcar FURX 877211 (each individually "the Subpoena"), and which information WFRC contends requires protection due to its confidential or proprietary nature. Accordingly, the Parties agree:

**1. Scope.** All documents produced by WFRC in response to the Subpoena, and information derived directly therefrom (hereinafter collectively "Documents"), shall be subject to this Order concerning confidential information as set forth below.

**2. Form and Timing of Designation.** WFRC may designate Documents as confidential and restricted in disclosure under this Order by placing or affixing the word "CONFIDENTIAL" on the Document in a manner that will not interfere with the legibility of the Document and that

will permit complete removal of the designation. Documents shall be designated CONFIDENTIAL prior to or at the time of the production or disclosure of the Documents. WFRC's designation of a Document as "CONFIDENTIAL" does not mean that the Document does or does not have any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

**3. Documents Which May be Designated.** WFRC may designate any Document or portions thereof as CONFIDENTIAL upon making a determination that the Documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential personal information, medical or psychiatric information, trade secrets, personnel records, proprietary, or such other sensitive commercial information that is not publicly available, including but limited to financial or business information relating to WFRC and its customers, marketing or business plans, strategies, forecasts, budgets, projections, customer information, and supplier information.

**4. Protection of Confidential Material.**

   **a. General Protections.** Documents designated CONFIDENTIAL under this Order shall not be used or disclosed by the Parties, counsel for the Parties, or any other persons identified in Paragraph 4(b) of this Order for any purpose whatsoever other than to prepare for and to conduct discovery and trial in this action, including any appeal thereof. Nothing contained in this Order shall in any way limit or restrict WFRC from disclosing or using any of its own Documents or information in WFRC's sole discretion.

   **b. Limited Third-Party Disclosures.** The Parties and counsel for the Parties shall not disclose or permit the disclosure of any CONFIDENTIAL Documents to any third person or entity (a "Third Party Recipient") except as set forth in subparagraphs (i)–(v)

of this Paragraph 4(b). Subject to these requirements, the following categories of persons may be allowed to review Documents and information that have been designated CONFIDENTIAL, solely for the purposes of prosecuting and defending this Litigation and for no other purpose whatsoever:

    i.    **Counsel.** Counsel (for the Parties and employees and agents of counsel) who have responsibility for the preparation and trial of the action;

    ii.    **Parties.** Parties and employees of a Party to the extent such persons have a legitimate need to review such Documents or information in connection with their work responsibilities related to this Litigation.

    iii.    **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

    iv.    **Consultants, Investigators and Experts.** Consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the Parties or counsel for the Parties to assist in the preparation and trial of this action or proceeding, but only after such persons have completed the certification contained in Attachment A.

    c.    **Others by WFRC's Consent or Further Order of this Court.** Other persons may receive Documents or information produced under the Subpoena only by: (1) advance written consent of WFRC; (2) upon order of the Court after providing advance notice to WFRC (as described below) and affording WFRC an opportunity to be heard by the court; or (3) on such conditions as may be agreed by the Parties and WFRC or ordered by the Court. The Party seeking to produce the Documents or information must promptly notify WFRC of any potential dissemination of Documents or information

produced by WFRC. WFRC is entitled to a minimum of 14 days' advance notice to provide consent for the disclosure of its produced Documents and information under this Order. WFRC is also entitled to a hearing before any of its Documents and/or information are further disseminated. All such persons to whom WFRC's Documents and information are disclosed shall execute the certification contained in Attachment A.

    **d. Control of Documents.** Counsel for the parties shall take reasonable and appropriate measures to prevent unauthorized disclosure or use of Documents and information designated as CONFIDENTIAL pursuant to the terms of this Order. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of one (1) year after the last to occur of dismissal of the action, the entry of final judgment, and/or the conclusion of any appeals arising therefrom.

    **e. Copies.** Before production to a Third Party Recipient, all copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as ("copies") of Documents or information designated as CONFIDENTIAL under this Order, or any individual portion of such a Document or information, shall be affixed with the designation "CONFIDENTIAL" if the word does not already appear on the copy. All such copies shall thereafter be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases or lists of Documents provided that these indices, electronic databases or lists do not contain substantial portions or images of the text of confidential Documents or

otherwise disclose the substance of the confidential information contained in those Documents.

 **f. Inadvertent Production.** Inadvertent production of any Document or information without a designation of "CONFIDENTIAL" shall be governed by the applicable rules of civil procedure, but a disclosing person or entity may designate such Documents as CONFIDENTIAL as soon as it realizes the inadvertent disclosure. In the event that such Document(s) and/or information are produced, WFRC may request their return from the receiving party, which will immediately cease to use such Documents and information and will within five (5) days return or destroy all copies of such Document(s) and any materials paraphrasing, summarizing, referencing or otherwise using such Document(s). Any inadvertent production of such Documents or information shall not constitute a waiver of the attorney-client privilege or work-product immunity.

 **5. Filing of CONFIDENTIAL Documents Under Seal.** Before any Document designated as CONFIDENTIAL is filed with the court WFRC is entitled to a minimum of 14 days' advance notice to provide consent for the filing of its produced Documents and information (with or without redactions as required by WFRC) and the Party wishing to file the Document shall request that the Document be filed under seal. It shall be within the sole discretion of the Court to determine whether said Document may be filed under seal. If there is any disagreement regarding filing the Documents or information under seal or with redactions, WFRC is entitled to request a hearing before the Court before such Documents or information are filed with the Court; it shall be within the sole discretion of the Court to determine whether to grant such a request and conduct a hearing.

**6. Challenges by a Party to Designation as Confidential.** Any CONFIDENTIAL designation is subject to challenge by any Objecting Party with standing to object (hereafter "Objecting Party"). Before filing any motions or objections to a confidentiality designation with the court, the Objecting Party shall have an obligation to meet and confer in a good faith effort to resolve the objection by agreement with WFRC. If agreement is reached confirming or waiving the CONFIDENTIAL designation as to any Documents subject to the objection, the Objecting Party shall serve on all Parties and WFRC a notice specifying the Documents and the nature of the agreement.

**7. Action by the Court.** Applications to the Court for an order relating to any Documents or information designated CONFIDENTIAL shall be by motion under the applicable rules of procedure and local rules of the Court and any other procedures set forth in the presiding judge's standing orders or other relevant orders.

**8. Use of Confidential Documents or Information at Trial.** All trials are open to the public. Absent order of the Court, there will be no restrictions on the use of any Document that may be introduced by any Party during the trial. If a Party intends to present at trial CONFIDENTIAL Documents or information derived therefrom, such Party shall provide advance notice to the other Party and WFRC identifying the Documents or information at issue as specifically as possible (i.e., by Bates number, page range, deposition transcript lines, etc.) without divulging the actual CONFIDENTIAL Documents or information. The Court may thereafter make such orders as are necessary to govern the use of such Documents or information at trial.

**9. Obligations on Conclusion of Litigation.** Unless otherwise agreed, this Order shall remain in force after dismissal or entry of judgment not subject to further appeal and, at such time, counsel of record for the Parties to this Litigation shall certify in writing to WFRC that all

CONFIDENTIAL Documents and information produced by WFRC have either been destroyed or returned to counsel for WFRC.

**10. Subpoenas.** If a receiving Party is subpoenaed in another Litigation or proceeding or served with a document demand, other than in the above-captioned Litigation, and such subpoena or document seeks Confidential Information of WFRC, the receiving Party shall give prompt written notice to counsel for WFRC prior to the deadline for complying with the subpoena or responding to the document demand, and shall give WFRC reasonable time, under the specific circumstances, to advance or waive its confidentiality claim with regard to the requested confidential information. If a confidentiality claim is advanced by WFRC, the receiving Party shall cooperate in WFRC's efforts to protect against disclosure of confidential documents or information, and the receiving Party shall not disclose the confidential documents or information at issue until there is an entry of an order by a court of competent jurisdiction requiring such disclosure, after having heard WFRC's confidentiality claim. Further, no compulsory disclosure to non-parties of confidential documents or information provided under this Order shall be deemed a waiver of any claim of confidentiality. Neither the Parties nor their counsel shall take any affirmative steps which might lead to the disclosure of confidential documents or information for any purpose beyond this Litigation.

**11. Persons Bound.** This Order shall take effect when signed by the Court and shall be binding upon all counsel and their law firms, the Parties, and persons made subject to this Order by its terms.

It is so ordered this 3rd day of March, 2021.

*Kristine G. Baker*
Kristine G. Baker
United States District Judge

*Agreed as to form and content:*


/s/ Nelson G. Wolff\_\_\_
Nelson G. Wolff
Arkansas Bar No. 2006002
Schlichter, Bogard & Denton, LLP
100 South Fourth Street, Suite 1200
St. Louis, Missouri 63102
Tel: (314) 621-6115
Fax: (314) 621-7151
nwolff@uselaws.com

*Attorneys for Plaintiff*



/s/ Brooks E. Kostakis
S. Camille Reifers
Arkansas Bar No. 2014107
Brooks E. Kostakis
Arkansas Bar No. 2018018
Boyle Brasher LLC
80 Monroe Avenue, Suite 410
Memphis, Tennessee 38103
creifers@boylebrasher.com
bkostakis@boylebrasher.com

Chad Knight (*pro hac vice*)
Charlotte Johnson (*pro hac vice*)
Knight Nicastro MacKay
1401 Walnut St., Suite 200
Boulder, CO 80302
Knight@knightnicastro.com
Johnston@knightnicastro.com

*Attorneys for Defendant*

ATTACHMENT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

| | | |
|---|---|---|
| BRADLEY WASHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No: 3:19-CV-00231 |
| v. | ) | |
| | ) | |
| BNSF RAILWAY COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the above-referenced Action have been designated as confidential and labeled as "CONFIDENTIAL"  I hereby agree not to use such documents or information for any purpose other than in connection with this Action. I will not disclose information contained in documents labeled as "CONFIDENTIAL" other than as ordered or permitted by the United States District Court for the Eastern District of Arkansas, Northern Division.  I understand that failure to comply with this agreement could subject me to sanctions, including but not limited to civil contempt of court.

DATED: _____          _____

                                                                       Name:

Signed in the presence of:                          _____

(Attorney)