**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

**BRADLEY WASHAM**                                                                      **PLAINTIFF**

**v.**                                               **Case No. 3:19-cv-00231 KGB**

**BNSF RAILWAY COMPANY**                                         **DEFENDANT**

**OPINION AND ORDER**

Before the Court is defendant BNSF Railway Company's ("BNSF") motion for summary judgment based on lack of expert testimony on medical causation (Dkt. No. 101). BNSF states in its brief in support of its motion for summary judgment that summary judgment is proper if this Court grants its separate motion to exclude expert testimony of Dr. Allan Gocio, plaintiff Bradley Washam's treating physician (Dkt. No. 103, at 3; Dkt. No. 99). Mr. Washam opposes BNSF's motion for summary judgment and argues that Mr. Washam can establish that BNSF caused his injury whether or not Dr. Gocio is allowed to testify (Dkt. No. 120, at 1–2). In reply, BNSF reasserts that summary judgment is proper if Dr. Gocio's testimony is excluded (Dkt. No. 126, at 1).

Summary judgment is appropriate when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The district court must examine whether the record, when viewed in the light most favorable to the non-moving party, shows that there is no issue of material fact. *Francisco v. Burlington N. R.R. Co.*, 204 F.3d 787, 789 (8th Cir. 2000). The moving party bears the initial burden of establishing that there is no issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The non-moving party must then produce specific facts demonstrating the existence of a genuine issue of material fact such that the non-moving party's claim should proceed to trial. *Brooks v. Union Pac. R.R. Co.*, 620

F.3d 896, 899 (8th Cir. 2010). An issue of material fact exists "when the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Miller v. Union Pac. R.R. Co.*, 972 F.3d 979, 983 (8th Cir. 2020) (quoting *Dick v. Dickinson State Univ.*, 826 F.3d 1054, 1061 (8th Cir. 2016)).

BNSF's argument for summary judgment is premised on the condition that this Court will preclude Dr. Gocio from testifying as an expert on the issue of causation (Dkt. No. 103, at 3; Dkt. No. 126, at 1). BNSF represents that it previously filed its motion to exclude expert testimony of Dr. Gocio and that, "if granted, the exclusion of Dr. Gocio's causation opinion testimony from trial leaves Plaintiff with no required expert opinion testimony to support his theory of medical causation with regard to his pled injuries" (Dkt. No. 103, at 3). BNSF argues that "[i]n this lawsuit, expert medical testimony is necessary to establish medical causation" (Dkt. No. 103, at 5). BNSF further asserts that "[i]n the event Dr. Allan Gocio's opinion testimony is excluded from trial, summary judgment is proper, because Plaintiff will be unable to establish . . . causation" (Dkt. No. 126, at 1). BNSF makes no argument for summary judgment in the alternative if Dr. Gocio's testimony is not excluded.

The Court previously denied BNSF's motion to exclude expert testimony of Dr. Gocio (Dkt. No. 145). Accordingly, the condition on which BNSF bases its motion for summary judgment has not been met. Rather, the issue of whether BNSF's negligence caused injury to Mr. Washam remains a genuine issue of material fact which is disputed in the record. Mr. Washam contends that he suffered a fall which injured his back and required him to seek medical care (Dkt. No. 1, ¶¶ 7–8). Dr. Gocio agreed in his deposition that Mr. Washam's back injury was caused by an incident at work and required medical care (Dkt. No. 100-3, at 135–36). BNSF contends that

2

Mr. Washam did not fall and injure himself at work and submits expert testimony to that effect (Dkt. No. 118, at 10; Dkt. No. 119, at 4–6).

On this record, the Court concludes that summary judgment is inappropriate because there is a genuine issue of material fact as to whether Mr. Washam suffered a fall at work which caused him damages. Because the Court previously denied BNSF's motion to exclude expert testimony of Dr. Gocio, it is not necessary to determine whether Mr. Washam could establish causation in the absence of Dr. Gocio's testimony. Accordingly, BNSF's motion for summary judgment based on lack of expert testimony on medical causation is denied (Dkt. No. 101).

It is so ordered this 29th day of March, 2021.

                                                      Kristine G. Baker
                                                      United States District Judge