IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**BRADLEY WASHAM**                                                                                          **PLAINTIFF**

v.                                         Case No. 3:19-cv-00231 KGB

**BNSF RAILWAY COMPANY**                                                                      **DEFENDANT**

### ORDER

Before the Court are several motions *in limine* filed by defendant BNSF Railway Company ("BNSF") challenging specific types of anticipated evidence, testimony, and argument (Dkt. Nos. 147; 148; 149; 152; 153; 155; 157). The Court will address each motion in turn.

As to those matters about which the Court grants an *in limine* motion to either party, all parties, their counsel, and witnesses are directed to refrain from making any mention through interrogation, *voir dire* examination, opening statement, arguments, or otherwise, either directly or indirectly, concerning the matters about which the Court grants an *in limine* motion, without first approaching the bench and obtaining a ruling from the Court outside the presence of all prospective jurors and the jurors ultimately selected to try this case. Further, all counsel are required to communicate this Court's rulings to their clients and witnesses who may be called to testify in this matter.

      **I.**      **Defendant's Motion Regarding Future Lost Wages**

BNSF moves *in limine* to exclude reference to future lost wages (Dkt. No. 147). Mr. Washam opposes the motion (Dkt. No. 162). The Court understands BNSF to request exclusion of such evidence based on Federal Rules of Evidence 401, 402, and 403.

The Court addressed and rejected BNSF's motions to exclude the expert testimony of Dr. Allan Gocio and Dr. Rebecca Summary, whose anticipated expert testimony is directed to Mr.

Washam's injury, work restrictions, the purported permanency of Mr. Washam's condition, and anticipated lost earning capacity (Dkt. No. 145).  Consistent with this Court's prior Order, and based on the limited record before it now, the Court denies BNSF's motion *in limine* regarding future lost wages pursuant to Federal Rules of Evidence 401, 402, and 403 (Dkt. No. 147).  The parties may raise these issues again at a pretrial hearing with the Court, if necessary, or make contemporaneous objections to such evidence, testimony, and argument at trial.

### II.     Defendant's Motion Regarding BNSF's Duty To Investigate And Disciplinary Hearing

BNSF moves *in limine* to exclude reference to the Federal Railroad Administration ("FRA") reporting requirements and reference to BNSF's legal duty to investigate the incident based on Federal Rules of Evidence 401, 402, and 403 (Dkt. No. 148).  BNSF also seeks to exclude reference to its decision not to discipline an employee for actions giving rise to a Federal Employers' Liability Act, 45 U.S.C. § 51 *et seq.* ("FELA"), claim based on Federal Rule of Evidence 403 (Dkt. No. 148).  Mr. Washam opposes the motion (Dkt. Nos. 163; 165).

With respect to BNSF's FRA reporting requirements and duty to investigate the incident, this Court will follow *Villa v. Burlington Northern and Santa Fe Railway Co.*, 397 F.3d 1041, 1047 (8th Cir. 2005), to the extent it controls arguments raised by the parties.  No party has informed the Court that *Villa* is no longer controlling or for some reason should not control the facts in this case.  Based on the limited record before it, and given the language in *Villa*, the Court is not inclined to grant a motion *in limine* to exclude reference or argument as to BNSF's legal duty to investigate the incident based on Federal Rules of Evidence 401, 402, and 403.  The parties may raise these issues again at a pretrial hearing with the Court, if necessary, or make contemporaneous objections to such evidence, testimony, and argument at trial.

With respect to BNSF's request pursuant to Federal Rule of Evidence 403 to exclude reference or argument to its decision not to discipline an employee for actions giving rise to a FELA claim, at this time, the Court denies the request.  The holding in *Panger v. Duluth, Winnipeg & Pacific Railway Co.*, 490 F.2d 1112, 1117 (8th Cir. 1974), affirms such evidence is relevant pursuant to Federal Rules of Evidence 401 and 402, but *Panger* does not engage in a meaningful Federal Rule of Evidence 403 analysis regarding such evidence.  The Court understands BNSF's motion to be premised on Federal Rule of Evidence 403.  Here, Mr. Washam argues that there is no competent evidence presented by BNSF to establish that BNSF had the burden of proof at the disciplinary hearing, asserts that the disciplinary hearing conducted by BNSF was exhaustive, and suggests that this motion is complicated by BNSF's argument that Mr. Washam "fabricated this incident because he was afraid of being fired for a previous rules violation for which discipline was pending at the time of the incident." (Dkt. No. 163, at 4-5).  The Court's understanding of these issues is limited at this time, but the Court has concerns if, as Mr. Washam suggests, BNSF seeks to limit evidence related to one disciplinary hearing that may be unfavorable to BNSF's defense while simultaneously presenting evidence to the jury about the results of another disciplinary hearing or the prospect of one that may favor BNSF's defense.  On the current record before it, this Court is reluctant to exclude based on Federal Rule of Evidence 403 reference or argument to BNSF's decision not to discipline Mr. Washam for actions giving rise to this FELA claim.  The parties may raise these issues again at a pretrial hearing with the Court, if necessary, or make contemporaneous objections to such evidence, testimony, and argument at trial.

For these reasons, at this time and on the record before it, the Court denies BNSF's motion *in limine* regarding its duty to investigate and disciplinary hearing (Dkt. No. 148).

### III. Defendant's Motion To Exclude Certain Evidence of Earnings Of Other Employees By Plaintiff

BNSF seeks to exclude certain evidence of earnings of certain employees by plaintiff (Dkt. No. 149). Mr. Washam opposes the motion (Dkt. No. 164). BNSF moves for the exclusion of documents BNSF produced upon which Mr. Washam's economist and anticipated expert witness Dr. Rebecca Summary relies and refers to as "cohort earnings," bates numbered BNSF 002037-2069, and the resulting opinions of Dr. Summary (Dkt. No. 149, at 1). BNSF maintains that the documented earnings information of six "cohort" employees of BNSF are too dissimilar to that of Mr. Washam to provide a valid and reliable basis of comparison for determining future earning capacity for Mr. Washam. Mr. Washam disagrees, explains that Dr. Summary has calculated potential future earning capacity for Mr. Washam based on both his own earnings history and the cohort, and further asserts that this argument goes to the weight of Dr. Summary's anticipated testimony, not its admissibility.

Having studied the parties' filings, the Court denies the motion *in limine* on the record before it. BNSF's argument is premised on the dissimilarity of the cohort earnings to Mr. Washam. However, BNSF has presented the Court with little, if any, record evidence to support that argument. The Court will not exclude wholesale the evidence of the six BNSF employees or Dr. Summary's anticipated testimony based on the cohort earnings at this time. The Court denies BNSF's motion to exclude certain evidence of earnings of other employees by plaintiff (Dkt. No. 149). The parties may raise these issues again at a pretrial hearing with the Court; make contemporaneous objections to such evidence, testimony, and argument at trial; or explore these issues on cross examination of witnesses.

## IV. Defendant's Motion To Exclude Reference To Decades Old BNSF Emails

BNSF moves to exclude reference to BNSF's decades old BNSF emails (Dkt. No. 152). Mr. Washam opposes the motion (Dkt. No. 171).

The Court understand BNSF's motion to argue for exclusion pursuant to Federal Rules of Evidence 401, 402, and 403. The emails attached to BNSF's motion all date from 2001 and 2002 (Dkt. No. 152). They do not appear to involve Mr. Washam or his case. Further, BNSF asserts that the emails do not discuss BNSF's current and applicable vocational rehabilitation program (*Id.*). The cases Mr. Washam cites in support of his response where these or similar emails appear to have been at issue all date from 2011 or before; he cites no recent case addressing these emails (Dkt. No. 171). He makes no argument that these emails relate to his case, and he does not address BNSF's contention that the emails do not relate to BNSF's current and applicable vocational rehabilitation program (*Id.*).

Having carefully considered the parties' filings, for good cause shown, the Court grants BNSF's motion (Dkt. No. 152). The Court excludes the emails and testimony, evidence, and argument regarding the emails pursuant to Federal Rules of Evidence 401, 402, and 403. The parties may raise these issues again at a pretrial hearing with the Court, if necessary.

## V. Defendant's Motion Regarding Reference To BNSF Or Their Witnesses Calling Plaintiff A Liar

BNSF seeks to preclude Mr. Washam or his counsel from asserting that BNSF or its witnesses are calling Mr. Washam a "liar" where defense witnesses or counsel contest Mr. Washam's version of events (Dkt. No. 153). Mr. Washam opposes the motion (Dkt. No. 166).

The Court understand BNSF's motion to seek to exclude these references pursuant to Federal Rule of Evidence 403. The Court has considered the parties' filings. For good cause shown, on the record before it at this stage of the litigation, the Court grants BNSF's motion

5

pursuant to Federal Rule of Evidence 403 (Dkt. No. 153).  Mr. Washam, his counsel, and his witnesses are directed to refrain from testimony, evidence, and argument that BNSF or its witnesses are calling Mr. Washam a "liar" where defense witnesses or counsel contest Mr. Washam's version of events.  The parties may raise these issues again at a pretrial hearing with the Court, if necessary.

### VI. Defendant's Motion Regarding Medical Bills

BNSF requests that the Court exclude medical bills and medical expenses paid by BNSF and also requests that the Court exclude evidence, testimony, and argument regarding future medical bills or that Mr. Washam could have future medical bills (Dkt. No. 155).  Mr. Washam opposes the motion in part (Dkt. No. 167).

In his response, Mr. Washam represents that he has no intention of seeking recovery for Mr. Washam's previously incurred medical expenses that have been paid by BNSF and/or health insurance (Dkt. No. 167, at 1).  Therefore, as to past medical expenses incurred and paid by BNSF and/or health insurance, the Court grants BNSF's motion (Dkt. No. 155).

Mr. Washam opposes BNSF's motion to the extent BNSF seeks to exclude evidence, testimony, and argument directed to future medical bills or that Mr. Washam could have future medical bills resulting from the injury he claims he sustained (Dkt. No. 167).  Mr. Washam represents that he will testify at trial that "he is actively receiving pain management treatment from Dr. Ryan Krafft . . . ." (Dkt. No. 167, at 2).  Further, contrary to BNSF's arguments, Mr. Washam represents that he timely disclosed Dr. Krafft as a non-retained expert witness who may testify to, among other things, the scope of medical care Mr. Washam is reasonably certain to require in the future; Mr. Washam attaches the disclosure for the Court's review (*Id.*).  Mr. Washam represents that BNSF declined to depose Dr. Krafft (*Id.*, at 2 n.2).  Having considered the parties' filings, on

6

the record before it, the Court denies BNSF's motion to exclude evidence, testimony, and argument regarding future medical bills or that Mr. Washam could have future medical bills (Dkt. No. 155). The parties may raise these issues again at a pretrial hearing with the Court, if necessary, or make contemporaneous objections to such evidence, testimony, and argument at trial.

### VII. Defendant's Motion Regarding Lay Witness Testimony Regarding Plaintiff's Medical Condition, Work Capacity, And Any Unobserved Matters

BNSF moves *in limine* to exclude lay witness testimony regarding Mr. Washam's medical condition, work capacity, and any unobserved matters (Dkt. No. 157). Mr. Washam opposes the motion (Dkt. No. 169).

Mr. Washam claims that witnesses with personal experience performing the essential duties of trainman can testify as to the frequency, duration, intensity, and forces generally involved in the work and can testify as to first-hand observations made of Mr. Washam. The Court agrees. However, there is no indication in the record currently before the Court that these lay witnesses are qualified by knowledge, skill, experience, training, or education to opine on whether Mr. Washam at any particular time with his then-existing claimed medical conditions could safely perform the essential duties of a given BNSF position. That testimony is not supported by the record before the Court, and that testimony was elicited by counsel for Mr. Washam from certain of these witnesses during deposition, based on the record currently before the Court. The Court understands that testimony to be the subject of BNSF's motion *in limine*.

Witnesses will only be permitted to testify to matters within their personal observation or perception pursuant to Federal Rule of Evidence 701. Further, the Court will not permit inadmissible hearsay testimony at trial in accord with the Federal Rules of Evidence. For these reasons, the Court grants BNSF's motion to exclude lay witness testimony regarding Mr. Washam's medical condition, work capacity, and any unobserved matters to the extent that

testimony exceeds the permissible scope of Federal Rule of Evidence 701 and the other Federal Rules of Evidence (Dkt. No. 157).

    It is so ordered this 27th day of September, 2021.

                                                          Kristine G. Baker
                                                          United States District Judge