IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**BRADLEY WASHAM**                                                                                           **PLAINTIFF**

v.                                             **Case No. 3:19-cv-00231 KGB**

**BNSF RAILWAY COMPANY**                                                                        **DEFENDANT**

## ORDER

Before the Court are two combined motions *in limine* addressing various issues filed by defendant BNSF Railway Company ("BNSF") and plaintiff Bradley Washam (Dkt. Nos. 150; 156). The Court will address each motion in turn.

As to those matters about which the Court grants an *in limine* motion to either party, all parties, their counsel, and witnesses are directed to refrain from making any mention through interrogation, *voir dire* examination, opening statement, arguments, or otherwise, either directly or indirectly, concerning the matters about which the Court grants an *in limine* motion, without first approaching the bench and obtaining a ruling from the Court outside the presence of all prospective jurors and the jurors ultimately selected to try this case. Further, all counsel are required to communicate this Court's rulings to their clients and witnesses who may be called to testify in this matter.

### I.     Plaintiff's First Combined Motions *In Limine*

Mr. Washam filed combined motions *in limine* and memorandum in support (Dkt. No. 150). His motion addresses several discrete issues. Based upon the Court's review, there is no indication that BNSF responded to the motion.

The Court recognizes that the trial date in this matter has been removed from the Court's calendar and rescheduled and that corresponding pretrial deadlines have been suspended and reset

(Dkt. No. 195). The Court also acknowledges that the parties may have agreed on certain of these motions or agreed upon a deadline for responding to certain of these motions about which the Court may not be aware. As a result, the Court directs that, if BNSF intends to respond to Mr. Washam's combined motions *in limine* and memorandum in support (Dkt. No. 150), BNSF do so within 14 days from the entry of this Order.

**II.     Defendants' First Combined Motions *In Limine* On Various Evidentiary Issues**

BNSF filed a combined motion *in limine* on various evidentiary issues (Dkt. No. 156), to which Mr. Washam responded (Dkt. No. 168). The Court has studied the parties' filings and rules as follows:

**(1)     Railroad Industry Is Generally Unsafe Or Dangerous**

The Court denies, in part, this motion solely to the extent that Mr. Washam's written BNSF job description describes his past work as physically demanding and requiring attention to potential safety hazards and to the extent that these potential safety hazards bear directly on the issue of whether Mr. Washam can return to his job. As to all other references to the railroad industry as generally unsafe or dangerous, the Court grants BNSF's motion *in limine* on this point. The parties may raise these issues again at a pretrial hearing with the Court, if necessary, or make contemporaneous objections to such evidence, testimony, and argument at trial.

**(2)     FELA Being Plaintiff's Sole Recovery Or That Plaintiff Is Not Entitled To Workers' Compensation**

The Court grants BNSF's motion *in limine* on this point. The Court and counsel for the parties will address this issue, if necessary, at a jury instructions conference where the Court will hear argument from counsel on any proposed jury instruction to inform the jury that plaintiff's right to recover is governed by federal law as set forth in the Federal Employers' Liability Act, 45

U.S.C. § 51 *et seq*. ("FELA"), and that he cannot seek recovery under state worker's compensation laws.

### (3)     History And Purpose Of FELA Or Alleged Remedial Purpose

Mr. Washam has no objection to this motion.  Therefore, the Court grants BNSF's motion *in limine* on this point.

### (4)     Corporate Indifference Or Profits Over People

The Court grants BNSF's motion *in limine* on this point.  The parties may raise these issues again at a pretrial hearing with the Court, if necessary, or make contemporaneous objections to such evidence, testimony, and argument at trial.

### (5)     Counsel's Personal Beliefs, Feelings, Or Thoughts On The Case Or BNSF

The Court grants BNSF's motion *in limine* on this point.  To the extent Mr. Washam argues in his response that certain items BNSF seeks to exclude with this motion *in limine* should be permitted by his counsel in closing argument, Mr. Washam can raise those issues with the Court after the conclusion of the evidence before closing argument and request reconsideration of this ruling specifically for closing argument.  The parties may raise these issues again at a pretrial hearing with the Court, if necessary.

### (6)     Golden Rule Or Reptile Theory

The Court grants BNSF's motion *in limine* on this point.  The parties may raise these issues again at a pretrial hearing with the Court, if necessary.

### (7)     BNSF Not Calling Certain Witnesses

The Court grants BNSF's motion *in limine* on this point.  To the extent either party believes based on the evidence presented that not calling a certain witness becomes relevant and should be admissible, that party is instructed to first approach the bench and obtain a ruling from the Court

outside the presence of all prospective jurors and the jurors ultimately selected to try this case. The parties may raise these issues again at a pretrial hearing with the Court, if necessary.

### (8) Insurance Policies Secured Or Not Secured By BNSF

The Court denies, in part, BNSF's motion *in limine* on this point solely to the extent that it is undisputed that Mr. Washam's BNSF provided health insurance will terminate and that his family's benefits provided through BNSF will terminate or have terminated and solely to the extent that lost benefits such as health insurance are compensable damages in a FLEA case such as this. *See Pace v. Nat'l R.R. Passenger Corp.*, 291 F.Supp.2d 93, 103 (D. Conn. 2003). If the legal or factual basis upon which the Court relies in making this ruling are disputed, the parties may argue that to the Court at a pretrial hearing, if necessary. As to all other references to insurance policies secured or not secured by BNSF, including but not limited to making such references during *voir dire*, the Court grants BNSF's motion *in limine* on this point. The parties may raise these issues again at a pretrial hearing with the Court, if necessary.

### (9) Size And Financial Condition Of BNSF, Berkshire Hathaway, Warren Buffet, Or BNSF's Law Firms

The Court grants BNSF's motion *in limine* on this point. Counsel during *voir dire* may inquire whether any potential jurors owns shares of BNSF but is not permitted to reference Berkshire Hathaway or Warren Buffet while doing so. The parties may raise these issues again at a pretrial hearing with the Court, if necessary.

### (10) Past Pleadings Or Changed Legal Positions

The Court denies BNSF's motion *in limine* on this point. *See Sunkyong Intern., Inc. v. Anderson Land & Livestock Co.*, 828 F.2d 1245, 1249 n.3 (8th Cir. 1987). The parties may raise these issues again at a pretrial hearing with the Court, if necessary, or make contemporaneous objections to such evidence, testimony, and argument at trial.

**(11) Referring To BNSF As "The Railroad" Or Use Of Witnesses' First Names Or Nicknames**

The Court denies BNSF's motion *in limine* on this point but advises counsel and the parties to familiarize themselves with and to abide by the Court's Memorandum on Guidelines for Civil Jury Trials which will be circulated by the Court prior to trial and addresses in part referring to witnesses by first names or familiar names.

**(12) References To Punitive Or Exemplary Damages That Are Unavailable Under The FELA**

The Court grants BNSF's motion *in limine* on this point. The parties may raise these issues again at a pretrial hearing with the Court, if necessary.

**(13) Failure To Pay Lost Wages**

The Court denies BNSF's motion *in limine* on this point as it is not clear to the Court what evidence, testimony, and argument regarding Mr. Washam's claim for lost wages BNSF seeks to exclude. The parties are directed to raise these issues again at a pretrial hearing with the Court, if necessary, or make contemporaneous objections to such evidence, testimony, and argument at trial.

**(14) Plaintiff's "Fear Of Retaliation" From BNSF**

The Court denies BNSF's motion *in limine* on this point. The parties may raise these issues again at a pretrial hearing with the Court, if necessary, or make contemporaneous objections to such evidence, testimony, and argument at trial.

**(15) Access To All Records And Documents**

The Court grants BNSF's motion *in limine* on this point. The parties may raise these issues again at a pretrial hearing with the Court, if necessary.

### (16) Deterioration Of Medical Condition

The Court denies BNSF's motion *in limine* on this point based on Mr. Washam's disclosure of treating physician Dr. Ryan Krafft and his anticipated testimony in this case. The parties may raise these issues again at a pretrial hearing with the Court, if necessary, or make contemporaneous objections to such evidence, testimony, and argument at trial.

### (17) Potential Future Physical Injuries Resulting From Returning To Work

The Court is not certain that it understands the scope of BNSF's requested motion *in limine* on this point. The Court grants, in part, BNSF's motion *in limine* on this point to the extent that the Court precludes Mr. Washam, his counsel, and his witnesses from making references to Mr. Washam being unable to return to work or other physical challenges preventing him from returning to work that are unrelated to his alleged fall on March 11, 2019; from seeking opinion testimony from unqualified lay witnesses on Mr. Washam's ability to return to work and the potential for future injury if he returns to work; and from making references that Mr. Washam is entitled to compensation in proportion to the potential for further injury upon a return to work (Dkt. No. 156, at 22). The parties may raise these issues again at a pretrial hearing with the Court, if necessary, or make contemporaneous objections to such evidence, testimony, and argument at trial.

### (18) Comments On The Veracity Of Plaintiff

If Mr. Washam's character for truthfulness is attacked at trial, he may present evidence of his truthful character pursuant to Federal Rule of Evidence 608(a). At this time, and on the record before the Court, the Court denies BNSF's motion *in limine* on this point. The parties may raise these issues again at a pretrial hearing with the Court, if necessary, or make contemporaneous objections to such evidence, testimony, and argument at trial.

**(19)   Familial Circumstances**

The Court denies BNSF's motion *in limine* on this point. Mr. Washam acknowledges that his wife and children cannot recover for loss of consortium through this litigation (Dkt. No. 168, at 18). The parties may raise these issues again at a pretrial hearing with the Court, if necessary, or make contemporaneous objections to such evidence, testimony, and argument at trial.

**(20)   Settlement Negotiations, Settled Claims, And Buyouts**

Mr. Washam has no objection to this motion. Therefore, the Court grants BNSF's motion *in limine* on this point.

**(21)   References To This Motion *In Limine* And Discovery Requests**

Mr. Washam has no objection to this motion. Therefore, the Court grants BNSF's motion *in limine* on this point.

**(22)   Plaintiff's Reputation As An Employee**

The Court denies BNSF's motion *in limine* on this point. The parties may raise these issues again at a pretrial hearing with the Court, if necessary, or make contemporaneous objections to such evidence, testimony, and argument at trial.

**(23)   Equal Time At Trial**

The Court takes under advisement BNSF's request that the Court put the parties on a clock and divide the trial time. BNSF suggests dividing anticipated trial time equally, while Mr. Washam objects to being on a clock at all but, at a minimum, seeks 60% of the trial time to BNSF's 40% of the trial time. The Court will confer with counsel for the parties at a pretrial hearing in this matter before ruling on this request.

It is so ordered this 28th day of September, 2021.

_____
Kristine G. Baker
United States District Judge